# EXHIBIT A

Filed
D.C. Superior Court
12/01/2015 11:26AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

RALPH G. BRINDIS, M.D.  :
1410 Monterey Blvd
San Francisco, CA 94127  :

   Plaintiff  :

v.  :  Civil Action No. 2015 CA 009297 B

OMNI SHOREHAM CORPORATION  :
2500 Calvert Street N.W.
Washington, D.C. 20008  :
Serve:
   Corporation Service Company  :
   1090 Vermont Ave. N.W.
   Washington, D.C. 20005-4905  :

   Defendant  :

## COMPLAINT
(Negligence)

1. Jurisdiction is vested in this Court pursuant to D.C. Code §11-921 (2001 edition).

2. At all times herein mentioned, defendant, Omni Shoreham Corporation, was doing business in the District of Columbia; in this regard it owned, operated and maintained the Omni Shoreham Hotel located at 2500 Calvert Street, N.W., Washington, D.C. 2008.

3. At all times herein mentioned, defendant had a duty to maintain the Omni Shoreham Hotel in a condition that was safe for patrons of the hotel; this included protecting patrons from rain and snow that might be tracked in from the outside, thus rendering the floors slippery.

-2-

4. At all times herein mentioned, plaintiff, Ralph G. Brindis, M.D. was attending a conference held at the Omni Shoreham Hotel.

5. On February 21, 2015 the Washington D.C. Metropolitan area received snow.

6. In the afternoon of February 21, 2015, plaintiff entered the lobby from outside and walked diagonally to the bannister for the first flight of stairs. There he slipped and fell on the lobby floor which was slippery, hazardous and in a dangerous condition. He fell down the stairs and landed on his left knee.

7. There were no signs warning Plaintiff that the floor was wet and/or slippery. Nor were there mats placed along the lobby floor.

8. The lobby floor on which plaintiff slipped and fell was under the control of defendant, its servants, agents and/or employees, and under the exercise of reasonable care, said defendant knew or should have known that said area was intended for use by visitors to the hotel and that said area was slippery, hazardous and in a dangerous condition and unsafe for persons walking on it.

9. This incident would not have occurred but for the fact that defendant, acting through its respective agents, servants and employees, negligently failed to provide a floor surface safe for visitors under all conditions, negligently failed to properly inspect and maintain the floor in a safe condition given the inclement weather, negligently failed to properly place rugs or mats to absorb snow and water brought in by visitors to the hotel, negligently failed to post warnings that the floor was wet and negligently allowed its visitors to walk over a slippery dangerous floor even after several people had fallen prior to the time that plaintiff slipped and fell.

-3-

10. As a direct and proximate cause of the aforesaid negligence of defendant, plaintiff sustained injury to all parts of his body, some of which are permanent, especially to his left knee, suffered and shall continue to suffer great pain of body and mind, anxiety, anguish, discomfort, distress, inconvenience and other non-economic damages, incurred and shall continue to incur medical and out-of-pocket expenses, lost and shall continue to lose time and wages from his employment and as a result has been damaged in the amount of $750,000.00.

WHEREFORE, the premises considered, plaintiff, Ralph G. Brindis, M.D. demands judgment against defendant, Omni Shoreham Corporation, in the amount of $750,000.00 plus costs and interest.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

/s/ James W. Taglieri
James W. Taglieri     #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036
Telephone (202) 785-3373
E-mail: jim.t@cadotag.com

**JURY DEMAND**

Plaintiff demands a trial by a jury as to all issues involved herein.

/s/ James W. Taglieri
James W. Taglieri
Attorney for Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RALPH G. BRINDIS MD
Vs.
OMNI SHOREHAM CORPORATION

C.A. No.   2015 CA 009297 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  December 2, 2015
Initial Conference: 9:30 am, Friday, March 04, 2016
Location:  Courtroom A-47
           515 5th Street NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

RALPH G. BRINDIS, M.D.
_____
Plaintiff

vs.

OMNI SHOREHAM CORPORATION
SERVE: Corporation Service Company
1090 Vermont Avenue, N.W., Washington, DC 20005
_____
Defendant

Case Number **2015 CA 009297 B**

## SUMMONS

To the above named Defendant:   OMNI SHOREHAM CORPORATION

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JAMES W. TAGLIERI, ESQ.   #229880
Name of Plaintiff's Attorney
Cadeaux Taglieri & Notarius
1100 Connecticut Avenue, NW, #800
Address
Washington, D.C. 20036
(202) 785-3373
Telephone
如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dê có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court
By _____
Deputy Clerk
Date **12/02/2015**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                      CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____ Demandante

contra

_____ Número de Caso: _____

_____ Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

_____  Por: _____
Dirección                                       Subsecretario

_____

_____  Fecha _____
Teléfono

重要：如果您不遵守 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화 주십시오    (Amharic) (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.6sp

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

RALPH G. BRINDIS, M.D.  :
1410 Monterey Blvd
San Francisco, CA 94127  :

    Plaintiff  :

v.  :  Civil Action No.  2015 CA 009297 B
    Cal. 1 - Judge O'Keefe
OMNI HOTELS MANAGEMENT  :  Next Scheduled Event:  ISC
  CORPORATION    3/4/2016
2500 Calvert Street N.W.  :
Washington, D.C. 20008
Serve:  :
    Corporation Service Company
    1090 Vermont Ave. N.W.  :
    Washington, D.C. 20005-4905
    :
    Defendant

## **AMENDED COMPLAINT**
(Negligence)

1. Jurisdiction is vested in this Court pursuant to D.C. Code §11-921 (2001 edition).

2. At all times herein mentioned, defendant, Omni Hotels Management Corporation, was doing business in the District of Columbia; in this regard it owned, operated and maintained the Omni Shoreham Hotel located at 2500 Calvert Street, N.W., Washington, D.C. 2008.

3. At all times herein mentioned, defendant had a duty to maintain the Omni Shoreham Hotel in a condition that was safe for patrons of the hotel; this included protecting patrons from rain and snow that might be tracked in from the outside, thus rendering the floors slippery.

-2-

4. At all times herein mentioned, Plaintiff, Ralph G. Brindis, M.D., was attending a conference held at the Omni Shoreham Hotel.

5. On February 21, 2015 the Washington D.C. Metropolitan area received snow.

6. In the afternoon of February 21, 2015, Plaintiff entered the lobby from outside and walked diagonally to the bannister for the first flight of stairs. There he slipped and fell on the lobby floor which was slippery, hazardous and in a dangerous condition. He fell down the stairs and landed on his left knee.

7. There were no signs warning Plaintiff that the floor was wet and/or slippery. Nor were there mats placed along the lobby floor.

8. The lobby floor on which Plaintiff slipped and fell was under the control of defendant, its servants, agents and/or employees, and under the exercise of reasonable care, said defendant knew or should have known that said area was intended for use by visitors to the hotel and that said area was slippery, hazardous and in a dangerous condition and unsafe for persons walking on it.

9. This incident would not have occurred but for the fact that defendant, acting through its respective agents, servants and employees, negligently failed to provide a floor surface safe for visitors under all conditions, negligently failed to properly inspect and maintain the floor in a safe condition given the inclement weather, negligently failed to properly place rugs or mats to absorb snow and water brought in by visitors to the hotel, negligently failed to post warnings that the floor was

-3-

wet and negligently allowed its visitors to walk over a slippery dangerous floor even after several people had fallen prior to the time that Plaintiff slipped and fell.

10.  As a direct and proximate cause of the aforesaid negligence of defendant, Plaintiff sustained injury to all parts of his body, some of which are permanent, especially to his left knee, suffered and shall continue to suffer great pain of body and mind, anxiety, anguish, discomfort, distress, inconvenience and other non-economic damages, incurred and shall continue to incur medical and out-of-pocket expenses, lost and shall continue to lose time and wages from his employment and as a result has been damaged in the amount of $750,000.00.

WHEREFORE, the premises considered, Plaintiff, Ralph G. Brindis, M.D., demands judgment against defendant, Omni Hotels Management Corporation, in the amount of $750,000.00 plus costs and interest.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

/s/ James W. Taglieri
James W. Taglieri    #229880
Attorney for Plaintiff
1100 Connecticut Avenue, N.W., Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail: jim.t@cadotag.com

**JURY DEMAND**

Plaintiff demands a trial by a jury as to all issues involved herein.

/s/ James W. Taglieri
James W. Taglieri
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| RALPH G. BRINDIS, M.D. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OMNI HOTELS MANAGEMENT ) <br> CORPORATION ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 2015 CA 009297 B <br> Calendar: Judge Michael O'Keefe <br> Next Event: Initial Conference <br> March 04, 2016 at 9:30 am |

## DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Omni Hotels Management Corporation (hereinafter "Defendant"), by and through its attorneys, Justin M. Cuniff and BONNER, KIERNAN, TREBACH & CROCIATA, LLP, and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff Ralph G. Brindis's Amended Complaint (hereinafter "Amended Complaint") as follows:

## ANSWER

In response to the specifically enumerated Paragraphs of the Amended Complaint, Defendant states:

1. Defendant admits that this Court has jurisdiction

2. Defendant admits that it was operating a hotel located at 2500 Calvert Street, N.W., Washington, D.C. 20008 on February 21, 2015.

3. The allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 3 of the Amended Complaint and demands strict proof thereof.

4. Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4 of the Amended Complaint and accordingly denies the same and demands strict proof thereof.

5. Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 5 of the Amended Complaint and accordingly denies the same and demands strict proof thereof.

6. Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Amended Complaint and accordingly denies the same and demands strict proof thereof.

7. Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint and demands strict proof thereof.

8. The allegations in Paragraph 8 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 8 of the Amended Complaint and demands strict proof thereof.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint and demands strict proof thereof.

11. Any allegation within the Amended Complaint not expressly admitted herein is denied and Defendant demands strict proof thereof.

WHEREFORE, Defendant Omni Hotels Management Corporation requests that the Court dismiss the Amended Complaint and award to it any further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant, by and through its attorneys, Justin M. Cuniff and BONNER, KIERNAN, TREBACH & CROCIATA, LLP, and asserts the following affirmative defenses.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

### FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

### FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts and conduct of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from this Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom this Defendant exercised no authority, dominion or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Amended Complaint.

## EIGHTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of Plaintiff's alleged damages and recovery therefore is barred in whole or in part.

## NINTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

## TENTH DEFENSE
### (Accord & Satisfaction)

Defendant asserts the defense of accord and satisfaction.

## ELEVENTH DEFENSE
### (Res Judicata/Collateral Estoppel)

Defendant states that the cause or causes of action allegedly set forth in the Amended Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

## TWELFTH DEFENSE
### (Conduct of Agents)

Some or all of Plaintiff's claims may be barred because the Plaintiff's alleged damages, if any, were caused by the conduct of Plaintiff's own agents.

## THIRTEENTH DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

## FOURTEENTH DEFENSE
### (Estoppel, Fraud, and Release)

Defendant reserves the right to assert the defenses of estoppel, fraud, and release.

## FIFTEENTH DEFENSE
### (Denial of Allegations)

Defendant denies any allegations not specifically admitted.

## SIXTEENTH DEFENSE
### (Lack of Notice)

Defendant did not have actual or constructive notice of the alleged dangerous condition.

## SEVENTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant requests that the Court dismiss with prejudice the Amended Complaint and award it further relief that the Court deems appropriate.

DATED this 28th day of December, 2015.

Respectfully submitted,

OMNI HOTELS MANAGEMENT CORPORATION

*/s/ Justin M. Cuniff*
Justin M. Cuniff (Bar #499196)
BONNER KIERNAN TREBACH & CROCIATA, LLP
One Park Place, Suite 265
Annapolis, Maryland 21401
Tel: (443) 263-2800
Fax: (443) 263-2935
Email: jcuniff@bonnerkiernan.com

*Counsel for Defendant Omni Hotels Management Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 28th day of December 2015, the foregoing Defendant Omni Hotels Management Corporation's Answer and Affirmative Defenses, which was electronically filed with the Clerk of the Superior Court for the District of Columbia using the Court's CaseFileXpress system on December 28th, 2015 and automatically served on counsel of record for Plaintiff, James W. Taglieri (jim.t@casotag.com), was sent via first class mail, postage prepaid, to James W. Taglieri, CADEAUX, TAGLIERI & NOTARIUS, P.C., 1100 Connecticut Avenue, N.W., Suite 800, Washington, D.C. 20036.

                                                   /s/ Justin M. Cuniff
                                            Justin M. Cuniff (Bar #499196)